UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAYFORD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SHERMAN, et al.,<br><br>　　　　　　Defendants. | 1:19-cv-00225 GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 15) |

　　　　On May 19, 2020, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

Plaintiff argues that he lacks sufficient access to the law library because of the Corona-19 virus pandemic, and he requires the assistance of an attorney to litigate this case. These conditions make it more difficult for plaintiff to proceed with this case, but these conditions do not make plaintiff's case exceptional under the law.

At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Plaintiff's First Amended Complaint was dismissed on April 29, 2020, for failure to state a claim, with leave to amend. To date, plaintiff has not filed a Second Amended Complaint. Thus, there is no complaint on record in this case for which the court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Moreover, the court finds that plaintiff can adequately articulate his claims and respond to the court's orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, filed on May 19, 2020, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 21, 2020**                               **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE