# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAYFORD,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SHERMAN, et al.,<br><br>　　　　Defendants. | 1:19-cv-00225-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO INCLUDE EXCESS PAGES IN SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 19.)**<br><br>**ORDER FOR CLERK TO FILE SECOND AMENDED COMPLAINT LODGED JUNE 29, 2020**<br><br>**(ECF No. 20.)** |

## I.   BACKGROUND

Eugene Rayford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 7, 2019, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District

Court for the Eastern District of California. (ECF No. 1.) On February 15, 2019, the case was transferred to this court. (ECF No. 6.) On February 28, 2019, Plaintiff filed a First Amended Complaint as a matter of course. (ECF No. 12.) On April 29, 2020, the court dismissed the First Amended Complaint for failure to state a claim with leave to file a Second Amended Complaint. (ECF No. 14.)

On June 29, 2020, Plaintiff filed a motion to include excess pages in the Second Amended Complaint. (ECF No. 19.) Plaintiff also lodged a proposed Second Amended Complaint. (ECF No. 20.)

## II.   REQUEST TO INCLUDE EXCESS PAGES

Plaintiff requests leave to file a Second Amended Complaint exceeding twenty-five pages in length. Plaintiff's proposed Second Amended Complaint is 52 pages. Plaintiff explains that he needs 52 pages because he names a large number of defendants and has added exhibits to the Second Amended Complaint. The proposed Complaint contains 38 pages of allegations and claims, 13 pages of exhibits, and a proof of service.

Plaintiff asserts that Rule 10 of the Federal Rules of Civil Procedure limits the complaint to twenty-five pages in length. While Rule 10 does not impose a specific page limitation for the complaint, Rule 8(a) requires the complaint to contain "a *short and plain statement of the claim showing that the pleader is entitled to relief* . . . ." Fed. R. Civ. P. 8(a)(2) (emphasis added). In addition, this court's standing order in the matter of <u>In Re: Procedural Rules For Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated At Participating Penal Institutions</u>, issued on March 1, 2016, imposes a twenty-five page limit on initial complaints filed electronically by incarcerated plaintiffs. In the standing order complaints are limited to twenty-five pages in length, including exhibits attached to the complaint.

Plaintiff's proposed Second Amended Complaint is not Plaintiff's initial complaint and was not filed electronically. Therefore, the March 1, 2016 standing order does not apply to Plaintiff's proposed complaint. In this instance, the court has reviewed the proposed complaint and shall allow Plaintiff to include excess pages. The Clerk shall be directed to file the lodged proposed Second Amended Complaint.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to include excess pages in the Second Amended Complaint, filed on June 29, 2000, is granted; and

2. The Clerk is directed to file Plaintiff's Second Amended Complaint, which was lodged on June 29, 2000.

IT IS SO ORDERED.

Dated: **January 8, 2021**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE