# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAYFORD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SHERMAN, et al.,<br><br>　　　　　Defendants. | **1:19-cv-00225-AWI-GSA-PC**<br><br>**ORDER INFORMING PLAINTIFF THAT HE MAY NOT ADD INFORMATION PIECEMEAL TO THE COMPLAINT**<br><br>**ORDER STRIKING PLAINTIFF'S DECLARATION AS IMPROPERLY FILED (ECF No. 38.)**<br><br>**ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF** |

**I.　BACKGROUND**

Eugene Rayford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On February 7, 2019, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On February 15, 2019, the case was transferred to this court.  (ECF No. 6.)  On February 28, 2019, Plaintiff filed the First Amended Complaint as a matter of course.  (ECF No. 12.)

On April 29, 2020, the court screened the First Amended Complaint and dismissed it for failure to state a claim, with leave to amend.  (ECF No. 14.)  On June 29, 2020, Plaintiff filed a motion to exceed 25 pages in the Second Amended Complaint, and also lodged a proposed Second Amended Complaint.  (ECF Nos. 19, 20.)  On January 11, 2021, the court granted

Plaintiff's motion and filed the Second Amended Complaint, which is 52 pages in length. (ECF No. 23, 24.)

On June 11, 2021, Plaintiff filed a declaration in support of the Second Amended Complaint. (ECF No. 38.)

## II. LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Id. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff has submitted a declaration in support of the Second Amended Complaint, separate from the Second Amended Complaint. Plaintiff may not add a supporting declaration in this manner. Under Rule 220, Plaintiff may not amend the complaint by adding documents or exhibits submitted separately from the complaint.[1] To add information or make a correction to

---

[1] Local Rule 220 provides, in part:

Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

the Second Amended Complaint, Plaintiff must file a new Third Amended Complaint which is complete in itself without reference to prior complaints.

However, Plaintiff may not file a Third Amended complaint at this stage of the proceedings without leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). Because Plaintiff has already amended the complaint twice and Defendants filed an Answer to the complaint more than 21 days ago, Plaintiff requires leave of court to file a Third Amended Complaint unless Defendants have given "written consent."

Before filing a Third Amended Complaint, Plaintiff must file a <u>motion to amend</u> the complaint and lodge the <u>proposed Third Amended Complaint</u>, for the court's review. The Third Amended Complaint may not exceed 26 pages, including the form complaint and any exhibits. The Third Amended Complaint is not required to be identical to the original Complaint, but it should be materially the same and should not include new, unrelated claims. Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The proposed Third Amended Complaint should be clearly and boldly titled "THIRD AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 36 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff should note that although he may request leave to amend, it is not for the

purpose of adding allegations of events occurring after February 7, 2019, the date the initial Complaint was filed.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's declaration in support of the Second Amended Complaint, filed on June 11, 2021, is STRICKEN from the record as improperly filed;
2. If Plaintiff wishes to file a Third Amended Complaint, he must file a <u>motion to amend</u> the complaint, together with a <u>proposed Third Amended Complaint</u> as instructed by this order, not exceeding 26 pages including the form complaint and any exhibits;
3. The Clerk of Court shall send one § 1983 civil rights complaint form to Plaintiff; and
4. If Plaintiff fails to file a motion to amend within thirty days, the court shall proceed with Plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

Dated: **June 25, 2021**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE