# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAYFORD,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHERMAN, et al.,<br><br>    Defendants. | 1:19-cv-00225-AWI-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 42.)**<br><br>**ORDER EXTENDING DEADLINE TO FILE EXHAUSTION MOTIONS**<br><br>**New Exhaustion Motion Filing Deadline:**   December 18, 2021 |

## I. BACKGROUND

Eugene Rayford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint, filed on January 11, 2021, against defendants Stu Sherman (Warden) and Richard Milam (Supervisor of Building Trades) (collectively "Defendants") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment. (ECF No. 24.)[1]

---

[1] On March 9, 2021, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim. (ECF No. 28.)

On May 18, 2021, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including an exhaustion motion filing deadline of August 18, 2021, discovery deadline of October 18, 2021, and dispositive motion filing deadline of December 18, 2021. (ECF No. 35.)

On August 10, 2021, Defendants filed a motion to modify the Scheduling Order. (ECF No. 42.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request an extension of the deadline for filing exhaustion motions until December 18, 2021, which is the same deadline for filing dispositive motions. Defense counsel declares that he is "still evaluating whether to bring an exhaustion motion in this case, and [has] determined that it will be necessary to take Plaintiff's deposition before [he] can make a final decision." (Decl. of Sean Lodholz, ECF No. 42-1 ¶ 4.) Defense counsel believes that "it will be more efficient for Defendants, the Court, and Plaintiff to address exhaustion and the merits in a single dispositive motion, instead of two separate motions." (Id.)

The court finds good cause to grant Defendants' motion and extend the exhaustion motion filing deadline from August 18, 2021 to December 18, 2021. Defendants have shown good cause. Therefore, Defendants' motion to modify the Discovery and Scheduling Order shall be granted.

///

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's Discovery and Scheduling Order, filed on August 10, 2021, is GRANTED;
2. The deadline for filing exhaustion motions is extended from <u>August 18, 2021</u> to **<u>December 18, 2021</u>**;
3. All other provisions of the court's May 18, 2021 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **August 11, 2021**                         **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE